### CALDWELL *v.* O'NEAL *et al.*

In view of the provisions of the act of December 17, 1901 (Acts of 1901, p. 63), " to make it unlawful for any person to employ or contract with, as tenant or cropper, any person under contract with another;" provided the contract be in writing, etc., an action for damages does not lie against one who, knowing a servant had abandoned a contract of service resting in parol, hired him without the consent of his employer before his term of service had expired.

Submitted June 4, — Decided June 26, 1903.

Action for damages. Before Judge Foster. Greene superior court. September 8, 1902.

*James B. Park*, for plaintiff. *James Davison*, for defendant.

SIMMONS, C. J. A petition was filed by John L. Caldwell, in which he named Alexander S. and Howard O'Neal as defendants to his suit, and in which he set forth the following complaint: "Petitioner contracted with one Fris Howell, for the year 1902, to do farm work and such other labor" as might be required of him and "he was capable of doing, and the said Fris Howell had entered upon said contract of labor for said year at a monthly salary of five dollars and his rations. . . Petitioner fully complied with his part of the contract up to the time the said Fris Howell abandoned said contract on June 16, 1902. Said abandonment was illegal and without any excuse. . . Said defendants well knew that said Fris Howell was under contract with your petitioner for the year 1902," yet they, "knowing that the said Fris Howell had not completed his contract with petitioner, illegally employed him, and still retain him in their employment," though they have been notified by petitioner that "the said Fris Howell had not completed his said contract. . . On account of said illegal employment of the said Fris Howell by said defendants, . . petitioner has been put to considerable expense in hiring other hands to do the work contracted to be done by the said Fris Howell; has been compelled to pay more for labor," and his crops have been damaged for want of attention at the proper time, etc. To this petition the defendants demurred on the grounds, (1) that it did not set forth a cause of action; (2) that the plaintiff did not therein allege that the contract of employment between him and Fris Howell was in writing; and (3) that the plaintiff did not undertake to allege that defendants induced Howell to break his contract of service or leave the employment of the plaintiff. The trial judge sustained the defendants' demurrer and Caldwell excepted.

Under the common law, as was ruled in the case of *Jones* v. *Blocker*, 43 *Ga.* 331, "When one man employs a laborer to work on his farm, and another man, *knowing* of such contract of employment, entices, hires, or persuades the laborer to leave the service of his first employer during the time for which he was so employed," such employer may maintain an action for damages against the

wrong-doer. The gist of such a cause of action is the tortious act of the wrong-doer in inducing the servant to commit a breach of his contract of employment. It was contended in behalf of the plaintiff in the present case that an employer has a common-law right to recover damages of another who, though he does not induce a servant to leave his master, hires the servant after he has of his own motion violated his contract of service, provided this be done before his term of service has expired and with knowledge of such contract. In support of this contention, counsel cited the case of *Smith* v. *Goodman*, 75 *Ga.* 201, and called our attention to the following remark made by Mr. Justice Hall, who pronounced the judgment of the court: "That the enticing, decoying, or persuading a servant to leave the service of his master, or knowingly retaining and employing him after he has left, during the term for which he engaged to serve, gives an action to the injured party against the wrong-doer, was not denied." This language would seem to indicate that the learned Justice who made use thereof entertained the view that knowingly hiring another's servant before his term of service had expired would give rise to an action for damages, independently of whether the servant was or was not induced to commit a breach of his contract. However, no direct ruling on this point was made in that case, the complaint therein presented being that the defendant wrongfully enticed away the servants of another.

So far as the case now in hand is concerned, we are not called on to decide whether, tested by the common law governing suits of this character, the plaintiff's petition did or did not set forth a cause of action. On December 17, 1901, the General Assembly of this State undertook to deal exhaustively with the evil of wrongfully hiring farm laborers who were already in service, and passed an act " to make it unlawful for any person to employ or contract with, as tenant or cropper, any person under contract with another." See Acts. of 1901, p. 63. That act provides that " when the relation of employer and employee . . has been created by written contract duly executed before an officer authorized to administer oaths, it shall be unlawful for any person, during the life of said contract, made and entered into in the manner above prescribed, to employ, or to rent lands to, or to furnish lands to be cropped by said employee, . . or to disturb in any way said relation, without

first obtaining the written consent of said employer." Provision is made for punishing one criminally for a violation of this act, and for also subjecting him to liability to the aggrieved party in a civil action, the damages to be recovered for a wrongful hiring of his servant, if under a written contract of service duly executed, being fixed at not "less than double the amount of wages or salary for the entire period of said contract." The act further prescribes what defenses may be urged "in both civil and criminal cases arising under" its provisions, and declares that all laws and parts of laws in conflict therewith shall stand repealed. In view of the legislative will as thus expressed, we are constrained to hold that as the plaintiff did not undertake to allege that the contract he made with his unfaithful servant was reduced to writing and formally executed in the manner prescribed by the act of 1901, the demurrer interposed by the defendants was properly sustained. The plaintiff's petition does not, it is true, disclose the date on which he entered into that contract; but even if it was made before December 17, 1901, the date on which the act just mentioned was approved and became operative, the provisions of that act should be regarded as controlling, since its effect would be, not to impair the obligation of that contract, but merely to deprive the plaintiff of any remedy he may otherwise have had against the defendants for their alleged wrongful hiring of his servant subsequently to June 16, 1902, before his term of service had expired.

<div style="text-align:center">

*Judgment affirmed.   All the Justices concur.*