## McBRIDE *v.* O'NEAL.

1. Within the meaning and purpose of the act of December 17, 1901 (Acts 1901, p. 63), as amended by the act of August 7, 1903 (Acts 1903, p. 91), the relation of employer and employee may exist before the person contracting to render the service has actually begun the performance of the same.
2. The words "parol contract partly performed," in the amended act, embrace a parol contract partly performed by the employer, as well as such a contract partly performed by the employee.
3. The petition was not subject to the special demurrers interposed thereto.

Submitted May 21,—Decided June 13, 1907.

Action for damages. Before Judge Little. Chattahoochee superior court. March 27, 1906.

*T. T. Miller,* for plaintiff.   *S. B. Hatcher,* for defendant.

FISH, C. J.   On February 2, 1904, G. A. McBride brought an action against S. W. O'Neal to recover damages for the employment by the defendant of two of the plaintiff's employees. Shortly stated, the substance of the petition was: On December 24, 1903, the plaintiff entered into parol contracts, in the presence of two named witnesses, with Henry Brown and Andrew Baddy respec-

tively, whereby Brown and Baddy agreed to work as farm laborers for the plaintiff on his land in Muscogee County. In each case, the services contracted for were to begin January 1, 1904, and to end July 31, 1904. Under the contract with Brown, the plaintiff agreed to pay him $9 per month, and in the contract with Baddy the plaintiff agreed to pay him $10 per month, for the services to be rendered. "In pursuance of said contracts [plaintiff] partly performed the same by making advances to the said Henry Brown and Andrew Baddy, to wit, to Henry Brown the sum of $3.50, and to Andrew Baddy the sum of $6.50, which said sums so advanced were in part performance, and as payments on the said work and labor the said Brown and Baddy had respectively agreed to perform under and by virtue of their contracts as aforesaid." On January 1, 1904, during the lives of said contracts and after the terms of service were to begin, the defendant, with full knowledge and notice of all the facts above set forth, and without first obtaining the written or verbal consent of the plaintiff so to do, employed Brown and Baddy to work for him on his farm in Chattahoochee County, and removed them thereto from the plaintiff's land in Muscogee County, where they were then living, with intent to deprive the plaintiff of their services and to injure and damage him, thereby disturbing the contractual relations entered into between him and his said employees, and damaging him in the sum of $500. The defendant demurred to the petition, the grounds of demurrer being, in substance: (1) No cause of action is set forth. (2) The alleged part performance of the parol contract does not meet the requirements of the statute, and is no part performance, but a mere advance or loan of money. (3) "The averments of said petition are too vague and indefinite and do not show any damage to plaintiff following from the breach of the contract by the servant; the breach alleged being made on January 1, 1904, before the period of the performance of the labor had begun." (4) "The action is prematurely brought, it appearing that the services of the servants were to begin on January 1 and July 31, 1904, and no damage could exist at date of filing this action." An amendment to the petition was allowed, the substance of which was: Plaintiff had rented for the year 1904 a six-mule farm. He owned that number of mules and intended that Brown and Baddy should each use one of them in the cultivation of

the rented land; but by reason of being deprived of their services by defendant, and his (plaintiff's) inability to employ other laborers, he was forced to sell two of his mules at a sacrifice of $30. For like reasons he was unable to cultivate thirty-five acres of the rented land, which had to lie out, to his loss of $150 in the rental of the same, at the agreed price which he was to pay. Specified amounts of cotton, corn, and peas which would have been made upon such thirty-five acres, had they been cultivated by Brown and Baddy, would have been worth $500; which was also a loss to the plaintiff. After this amendment was allowed, the demurrer was sustained and the petition dismissed; to which ruling the plaintiff excepted.

1. In passing the act of December 17, 1901 (Acts 1901, p. 63),. "the General Assembly of this State undertook to deal exhaustively with the evil of wrongfully hiring farm laborers who were already in service." *Caldwell* v. *O'Neal,* 117 *Ga.* 775. The caption and the first section of that act were amended by an act approved August 7, 1903 (Acts 1903, p. 91). As amended, the caption and the first section of the act are as follows: Caption. "An act to make it unlawful for any person to employ or to rent agricultural lands to, or to furnish lands to be cropped by any person already under contract as employee, the tenant of agricultural lands, or the cropper of another; to provide certain penalties and defenses, and for other purposes." Section 1. "That when the relation of employer and employee, or of landlord and tenant of agricultural lands, or of landowner and cropper, has been created by written contract or by parol contract partly performed,. made in the presence of one or more witnesses, it shall be unlawful for any person during the life of said contract, made and entered into in the manner above prescribed, to employ, or to rent lands to, or furnish lands to be cropped by said employee, tenant or cropper, or to disturb in any way said relation, without first obtaining the written consent of said employer, landlord or landowner, as the case may be." It will be observed that there is nothing in the amending act indicating an intention on the part of the legislature to deal therein less exhaustively with the subject. than had been done in the act amended. It follows, therefore, that the question raised by the general demurrer in the present. case is, not whether the petition set forth a cause of action at com-

mon law, but did it present a cause of action under the provisions of the statutes above referred to? It is clear that it did, provided, under the facts stated, the relation of employer and employee was created between the plaintiff and the named laborers by parol contracts partly performed. The relation of employer and employee rests solely upon contract, wherein one obligates himself to render service and the other to pay a stipulated compensation. 20 Am. & Eng. Enc. L. 13; Smith's Master and Servant, 1.

The petition alleged, that the plaintiff entered into parol contracts with Brown and Baddy respectively, on December 24, 1903, under the terms of which the latter two agreed to labor on the plaintiff's farm for seven months, their terms of service to begin January 1, 1904, for stipulated compensation to be paid them by the plaintiff, and, in pursuance of such contracts, he paid each of them in advance (that is before any service was performed) a portion of his wages; and that they were living on the plaintiff's farm on January 1, 1904, "after the term of service was to begin," when the defendant wrongfully hired them. Under these allegations, we hold, that the relation of employer and employee existed between plaintiff and Brown and Baddy on January 1, 1904, by virtue of the contracts entered into on December 24, 1903; and that the existence of such relation did not necessarily depend upon the commencement of actual service by the laborers. Under the terms of the first section of the act, as amended, this relation is "created by written contract or by parol contract partly performed, made in the presence of one or more witnesses." If, as the act provides, "the relation of employer and employee" is thus created, how can it be necessary, as contended by counsel for defendant in error, for the employee to actually begin his performance of the contract in order for such relation to exist? That the act contemplates that the relation of employer and employee shall exist before the employee begins to perform service under the contract is further shown by the third section thereof. This section provides that it shall be a complete defense to a civil or a criminal case arising under the act for the defendant to show, "that prior to employing or otherwise contracting with said employee, . . he received from said employee . . an affidavit to the effect that said employee . . was not at the time under a prior existing contract, which affidavit defendant shall show to the court,

and that immediately on proof that said employee . . was un-
der contract defendant discharged him, and refused to permit and
did not permit him to remain on his (defendant's) premises."
It is obvious that a person seeking to enter the service of another
may be "under a prior existing contract" for services to be ren-
dered by him to a third person, although he has never begun to
perform such services. It is also clear, from this section of the
act, that it becomes the duty of an employer, who has unwittingly
employed one already under a contract for service with another,
to immediately discharge such employee, upon proof that at the
time he employed him such employee "was under contract"
with such other person, which he might well have been without
ever having actually entered the service of such prior employer.
There is nothing in the language of this section, or in that of the
act as a whole, which tends to indicate that the words "was under
contract" refer only to a contract partly performed by the rendi-
tion of some service thereunder.

2. We further hold that the parol contracts under consideration
were partly performed by the plaintiff, by his paying in advance,.
and in pursuance of the contracts, to each of the employees a por-
tion of the wages stipulated to be paid by him for the services to
be rendered. It is evident, we think, that the statute does not
limit the part performance referred to therein to the obligation
of the employee to render service, but contemplates a part per-
formance by either party to the contract. Why should the words
"parol contract partly performed" be limited to a parol contract
partly performed by the employee? With as much reason they
might be limited to a verbal contract partly.performed by the em-
ployer, or even to such a contract partly performed on both sides.
The obvious purpose of the legislation under discussion is the pro-
tection of the farmer or landowner in his contracts with laborers,
tenants, and croppers for the cultivation of land, by rendering it
more difficult for them to secure employment elsewhere during the
lives of their contracts, and by subjecting those who may unlaw-
fully disturb the relations created by such contracts to prosecution
for a misdemeanor, or to liability in damages, at the option of the
injured party. Certainly it would seem that the farmer or land-
owner is more likely to be injured when such relations are dis-
turbed after a part performance of the contract on his part only

than he is when they are disturbed after part performance by the other party alone. In our opinion, if we were to hold that the petition in the present case did not set forth a cause of action under the statute, the purpose of the statute would, in a large measure, be defeated.

3. The petition was not subject to the demurrers numbered respectively 3 and 4 in the statement of facts. The act declares that the damages recoverable from one who violates its provisions, as to disturbing the relation of employer and employee, shall not be less than double the amount of wages or salary for the entire period of the contract of employment. Liability for such minimum amount of damages arises immediately upon the violation of the statute, and an action may be brought at once for the recovery of the same.

It follows that the court erred in sustaining the demurrers to the petition. *Judgment reversed. All the Justices concur.*